UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 08-80467-WRS
                                                         Chapter 13
DESITIN BAKER

    Debtor

CURTIS C. REDING, TRUSTEE,

    Plaintiff                                    Adv. Pro. No. 08-08024-WRS

  v.

T.R. MOTORS, INC., and TEFCO
PAYMENT CENTER, INC.,

    Defendants.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion for summary judgment filed by Trustee/Plaintiff Curtis C. Reding. The motion is briefed. (Docs. 9, 12, 14). For the reasons set forth below, the Court finds that there are no material facts in dispute and that Trustee/Plaintiff Curtis C. Reding is entitled to judgment as a matter of law. For this reason, the Defendant's lien is avoided as a preference pursuant to 11 U.S.C. §547.

## I. FACTS

On or about January 15, 2008, the Debtor entered into a contract and security agreement with T.R. Motor, Inc. to purchase a 2003 Pontiac Grand AM. The creditor was granted a security interest in the vehicle for the repayment of debt. The contract was subsequently assigned to Tefco Payment Center, Inc. The State did not received the application to have the lien perfected on the title to the vehicle until February 29, 2008, more than thirty days after the Debtor purchased and obtained possession of the vehicle.

On April 18, 2008, the Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. (Doc. 1). Tefco filed a secured claim in this bankruptcy case and the Trustee filed an objection to the secured status of the claim. This Court issued an Order finding that Tefco's security interest was not timely perfected and allowed Tefco's claim as an unsecured claim. (Doc 28). Subsequently, the Trustee filed this adversary proceeding to avoid Tefco's lien on the vehicle.

## II. LAW

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (G), (K) and (L). For this reason, this Court may enter a final decision.

This Adversary Proceeding is before the Court on the Plaintiff's motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed . R. Civ. P., 56(c) made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056. "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000).

Security interests in motor vehicles in Alabama are controlled by section 32-8-61 of the Code of Alabama. This section provides:

> (a) Unless excepted by this section, a security interest in a vehicle for which a certificate of title is required by the terms of this chapter is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this article.
> (b) A security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title

> containing the name and address of the lienholder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within 30 days thereafter, otherwise, as of the time of the delivery. (Emphasis added.)

In a previous Order this Court determined that Tefco failed to timely perfect their security interest in the Debtor's vehicle allowing its claim on an unsecured basis. (Doc. 28) Tefco's security interest was created on January 15, 2008 when it entered into a security agreement with the Debtor; however, the title application was delivered to the State on February 29, 2008. This security interest was not timely perfected because the title application was not delivered within 30 days of creation of the security interest in order for the date of the lien perfection to relate back to the date of purchase. Tefco's security interest was perfected as of the time of the delivery of the title application on February 29, 2008.

A creditor's security interest perfected within 90 days prior to the debtor's filing for bankruptcy relief may be avoided as a preference by the Trustee pursuant to 11 U.S.C. § 547. In re Hunt, 2008 WL 5257157, at *1 (11th Cir. Dec 18, 2008). Since Tefco's security interest was perfected on February 29, 2008, it falls within the 90 day period prior to April 18, 2008, the date debtor filed for bankruptcy, and may therefore be avoided as a preference. Tefco does not dispute that the transfer was a preference within the meaning of 11 U.S.C. § 547. Defendant's counsel suggests that failure to timely perfect is "standard practice in the automotive industry" and that this Court should treat January 15, 2008 as the relevant date of perfection. This excuse is not a recognized exception to the 30 day time requirement of section 32-8-61. For this reason Tefco's security interest is AVOIDED as a preference pursuant to 11 U.S.C. § 547.

### III. CONCLUSION

Having carefully reviewed the record, the Court finds that there are no material facts in dispute. Defendant admits that the title to the vehicle was not timely perfected under Alabama

law and fails to satisfy any exception that would excuse compliance. Trustee/Plaintiff Bank Curtis C. Reding is entitled to judgment as a matter of law. Therefore, the motion for summary judgment filed by the Trustee is GRANTED and the Plaintiff's lien is AVOIDED. Costs are awarded in the amount of $150.00, pursuant to Bankruptcy Rule 7054(b).

The Court will enter a separate order in accordance with Rule 9021, Fed. R. Bankr. P.

Done this 17th day of February, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Sabrina L. McKinney, Attorney for Trustee/Plaintiff
   David Clark, Attorney for Debtor
   Clint Wilson, Attorney for Defendants